
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMSU MIAH CHOWDHURY, | No. 10-72795 |
| Petitioner, | Agency No. A095-629-874 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013**

Before:      CANBY, TROTT, and THOMAS, Circuit Judges.

Samsu Miah Chowdhury, a native and citizen of Bangladesh, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

       *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

A local landlord threatened Chowdhury, beat his son, and farmed a portion of Chowdhury's lands without paying rent. Substantial evidence supports the BIA's determination that the landlord was motivated by his desire to obtain Chowdhury's land, rather than by Chowdhury's political opinion or membership in a social group consisting of his family. *See Sangha v. INS*, 103 F.3d 1482, 1490-91 (9th Cir. 1997) (petitioner failed to show by direct or circumstantial evidence that persecution occurred "on account of" political beliefs). In the absence of a nexus to a protected ground, Chowdhury's asylum and withholding of removal claims fail. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1045 (9th Cir. 2004).

Substantial evidence also supports the BIA's denial of CAT relief because Chowdhury failed to show it is more likely than not he will be tortured if returned to Bangladesh. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**